**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION**

No. 1:93-CR-223

United States of America

v.

Travis Spencer

                                                      Defendant

**Report and Recommendation
of United States Magistrate Judge**

      Defendant's *pro se* "Motion to Correct Amended Judgment Nunc Pro Tunc" and his *counseled* "Supplemental Motion to Correct Amended Judgment under F.R.C.P. 35(A) and Nunc Pro Tunc of the Amended Judgment under F.R.C.P. 36 and Motion to Modify the Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(B) and 18 U.S.C. § 3553(B)" are referred to the undersigned for consideration and submission of a report containing a recommended disposition. See Referral Order, August 29, 2008, Doc. No. 61.

      While arguments advanced in support of and in opposition to these motions are confusing and sometimes ancerine, what defendant seeks to accomplish is clear: Defendant seeks to advance his release date on a federal

sentence imposed by this court over thirteen years ago (and which he is now serving) by persuading the court to enter a second amended judgment that either (a) orders that his federal sentence run concurrently with a preexisting state sentence, or, failing that, (b) contains identical language to the original judgment. For these requests to make any sense whatsoever, it is necessary to recite the procedural history to date.

## I. Procedural Background

Defendant pleaded guilty before the Honorable Joe J. Fisher, United States District Judge, and was convicted of carjacking, a violation of 18 U.S.C. § 2119, on September 30, 1994. The sentencing colloquy occurred on January 4, 1995. At the sentencing hearing, Judge Fisher orally sentenced defendant to serve 137 months of imprisonment in custody of the Bureau of Prisons. After assessing the term of imprisonment, Judge Fisher stated, "*[t]his term shall run consecutively with the sentence that the defendant is now serving*." (Doc. No. 60, Ex. H, p. 4). Judge Fisher was referring to a then-existing state court sentence imposed for an arson offense in Harris County, Texas, in cause number 672252.

Judge Fisher also ordered defendant to pay $9,187.88 in restitution to the owner and insurer of the vehicle that defendant stole. At the sentencing colloquy, however, Judge Fisher did not specify how the restitution was to be allocated.

The written judgment and commitment entered by Judge Fisher on January 17, 1995, contains the following language regarding the imprisonment sentence: "The Court makes the following *recommendations* to the Bureau of Prisons: This sentence is to run consecutively with Harris County, Texas, cause

#672252." (Doc. No. 22, p. 2, italics added). In addition, the written judgment specified that of the total restitution Spencer was required to pay, the owner was to receive $1,119.00, and the insurer $7,989.88, which totaled only $9,108.88 instead of $9,187.88, the aggregate amount of restitution imposed at sentencing. The difference was $79.00.

Over a decade later, the United States moved for an amended judgment on the basis that the amounts payable, as specified in the original judgment, did not total $9,187.88, the total restitution defendant was ordered to pay at his sentencing hearing. Due to Judge Fisher's intervening death, the case was reassigned to United States District Judge Ron Clark who, on May 1, 2007, granted the government's motion to amend. Judge Clark issued an amended judgment on May 23, 2007 which raised the owner's restitution from $1,119.00 to $1,198.00, a difference of $79.00. As revised, the sum of the itemized restitution amounts in the court's written judgment equaled the total restitution amount imposed at sentencing.

With respect to defendant's term of imprisonment, Judge Clark's amended judgment did not make any substantive change. However, it did not use the exact same words. Judge Clark's amended judgment ordered:

> *"This sentence is to run consecutively with Harris County, Texas, Cause #672252."*

(Doc. No. 40, p. 2). This language is identical to Judge Fisher's *oral* pronouncement at the sentencing hearing. But, as noted earlier, Judge Fisher's original *written* judgment contained slightly different wording:

> *"The Court makes the following recommendations to the Bureau of Prisons: This sentence is to run consecutively with Harris County, Texas, cause #672252."*

(Doc. No. 22, p. 2). This semantical difference lies at the heart of defendant's pending motions.

## II. Defendant's Motions

Collectively, defendant's original and supplemental motions assert two primary arguments. First, defendant argues that Judge Fisher originally did not have authority under guidelines promulgated by the United States Sentencing Commission, specifically U.S.S.G. § 5G1.3(b),[1] to order his carjacking sentence to be served consecutively to his Harris County arson conviction, and that it was "clear error" of the sort that can be corrected under Rule 35, Federal Rules of Criminal Procedure.[2] Second, defendant argues that the differences between Judge Clark's amended written judgment and Judge Fisher's original written judgment regarding the prison sentence constitute an important substantive change that adversely alters his projected release date.

---

[1] U.S.S.G. § 5G1.3(b) states: "If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . ., the sentence for the instant offense shall be imposed as follows:
  (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
  (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

[2] F.R.Crim.P. 35 (a) Correcting Clear Error:
Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Defendant supports this latter argument by asserting that the Federal Bureau of Prison routinely disregards sentencing *recommendations* for concurrent or consecutive sentences, and simply treats such judgments as being silent on the subject. Thus, under defendant's view, Judge Fisher's original written judgment was construed as being silent, whereas Judge Clark's amended judgment containing an *affirmative order* (that the federal and state sentences run consecutively) will be construed as binding. This change, as defendant perceives it, will require him to serve additional time before he can be released.[3]

### III. Government's Response

The United States disagrees generally with defendant's version of the relevant facts, his perception of Bureau of Prisons policy, and his legal views regarding alleged sentencing errors. Irrespective of those disputes, the United States argues that (a) this court lacks jurisdiction under Rules 35 or 36, Federal Rules of Criminal Procedure, to address substantive errors that occurred during original sentencing, and (b) the circumstances under which relief under Title 18, United States Code, Section 3582(c) can be granted are not implicated by defendant's motion. Nonetheless, the United States freely agrees that *if the court is so disposed*, the government does not object to the court entering a

---

[3] Defendant avers that under the original Fisher judgment, the Bureau of Prisons would calculate his release date such that he would be "already 42 months past the date of release the B.O.P. had calculated for me (Dec. 2004), and 28 months past the date (Feb.2006)" of release of his prior undischarged term of imprisonment. (Doc. No. 59, p. 2).
  The United States disagrees with defendant's assertions. The government's response asserts that defendant's release date as calculated by the Bureau of Prisons did not change after entry of the amended judgment. (Doc. No. 62, p. 3-4).

No. 1:93-CR-223

second amended judgment containing the exact same language regarding consecutive sentences as was in the original Fisher judgment.

IV. Discussion and Analysis

Defendant seeks relief under Rules 35 and 36, Federal Rules of Criminal Procedure, and under Title 18, United States Code, Sections 3582(c) and 3553(b). Intuitively, most of defendant's arguments appear facially absurd.[4] However, it is not necessary or appropriate here to address the merits of these arguments because of procedural bars.

*A. The Original 1995 Sentence*

The United States is surely correct when arguing that this court is without jurisdiction or authority to address defendant's alleged errors regarding the *original* sentence under Rules 35 and 36. Rule 35 expressly is limited to correcting *oral pronouncements* of sentences,[5] and relief thereunder cannot be

---

[4] The notion that Judge Fisher initially was powerless to impose a consecutive sentence is patently wrong. Title 18, United States Code, Section 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

There is no allegation or proof in this case that defendant's relevant conduct (the arson offense in Harris County) was the basis for an increase in the offense level for his federal carjacking offense such that U.S.S.G. § 5G1.3(b) would suggest a concurrent sentence. Moreover, even if there were circumstances that would trigger a concurrent sentence under that guideline, Judge Fisher would have been free to impose the sentence that he did because sentencing guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220 (2005).

Finally, defendant's conclusory assertion that the Bureau of Prisons systematically disregards sentencing recommendations made by federal judges is contrary to the court's long experience in such matters.

[5] See United States v. Spencer, 513 F.3d 490, 491 (5th Cir. 2008).

granted beyond seven days after the oral sentence is imposed. Defendant's motion is thirteen years too late under Rule 35.

Similarly, no relief regarding the *original* sentence is available under Rule 36. While Rule 36 relief can be granted at any time, the Rule is limited in scope to correcting *clerical* errors. A sentencing judge's failure to adhere to sentencing guidelines, if error, would be substantive in nature. Substantive sentencing errors are addressed in direct appeals or in collateral attacks under Title 28, United States Code, Section 2255, both of which have time deadlines. Those deadlines cannot be circumvented by invoking Rule 36 and characterizing a substantive error as "clerical."

Relief also is not available under Title 18, United States Code, Section 3582(c). This statute permits courts to entertain motions to modify an imposed term of imprisonment in very limited circumstances, viz., only (a) upon motion by the Director of the Bureau of Prisons, (b) when expressly permitted by statute or by Rule 35, or (c) after a retroactive change to sentencing guidelines. None of these circumstances exists here. Although defendant invokes Title 18, United States Code, Section 3553(b)[6] as express statutory authority, it does not expressly authorize a court to modify or impose a term of imprisonment.

B. *The Amended 2007 Judgment*

The only potential avenue for relief remaining open for defendant is under Rule 36 and only with respect to the amended written judgment entered by Judge Clark on May 23, 2007. The sole purpose for that judgment was to correct

---

[6] At time of sentencing, Section 3553(b)(1) made the Federal Sentencing Guidelines mandatory.

a clerical error regarding *restitution* amounts. There was no request or intent to change any other aspect of the judgment, including the *imprisonment term*. Thus, one might argue, albeit tongue-in-cheek, that it was a clerical error of sorts when the amended judgment did not impose the sentence of imprisonment in identical words to those contained in Judge Fisher's original judgment.

The notion that there was any error at all is a very strained interpretation. The amended judgment entered by Judge Clark is *identical* to the sentence pronounced *orally* by Judge Fisher with respect to consecutive terms of imprisonment. If there were a clerical error at all, it was in Judge Fisher's original written judgment which gratuitously inserted words to the effect that the court *recommended* that the sentences run consecutively. Nonetheless, it is literally correct to insist that the written words are not identical in the original judgment and in the amended judgment, and this variance might be said to be an inadvertent clerical mistake.

For this reason, the court has discretion to either *deny* defendant's motion (as based on meaningless, semantic quibbling), or *grant* the motion (because it apparently will satisfy the defendant; the United States does not oppose; and no legal or practical difference will ensue).

## V.  Recommendations

1. Defendant's motions [Documents 59 and 60] should be denied to the extent that they seek relief for any alleged errors occurring at the time of original sentencing in this case.

2. Defendant's motions should be denied to the extent that they seek relief under Rule 35, Federal Rules of Criminal Procedure, or Title

   18 U.S.C. Sections 3553(b) and 3582(c) for alleged errors occurring at the time of entry of the amended judgment.

3. At the court's discretion, defendant's motions may be either granted or denied to the extent that they seek relief under Rule 36, Federal Rules of Criminal Procedure, for a clerical error in the amended judgment.

4. If the court elects to grant such relief, the court should enter a second amended judgment, identical to the amended judgment, except that the sentence of imprisonment should be restated as in the original judgment as follows:

   > *"The Court makes the following recommendations to the Bureau of Prisons: This sentence is to run consecutively with Harris County, Texas, cause #672252."*

## VI. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. Douglass v. United Services

<u>Automobile Association</u>, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this __18__ day of November, 2008.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE